NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2019[*]
Decided December 2, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-3512

| | |
|---|---|
| ONE WAY APOSTOLIC CHURCH, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 16 C 1132 |
| EXTRA SPACE STORAGE INC. and JOHN DOE, *Defendants-Appellees*. | Maria G. Valdez, *Magistrate Judge*. |

**ORDER**

One Way Apostolic Church agreed to rent storage lockers but failed to pay rent for three months and ignored notices about its deficiency. As a result, Extra Space Storage foreclosed its contractual lien by auctioning the contents of the lockers. One Way responded with this suit against Extra Space for breach of contract and conversion.

---

[*] We previously granted One Way Apostolic Church's motion to waive oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

The district court entered judgment for Extra Space. Because Extra Space complied with the contract by giving agreed-upon notice to One Way of the rent deficiency before foreclosing its contractual lien, we affirm.

**Background**

In 2013, on behalf of One Way Apostolic Church, Pastor Noah Nicholson signed contracts to store his church's equipment. He rented three storage units, and rent was due monthly. Extra Space had a lien on the stored property under the Illinois Self Storage Facility Act. 770 Ill. Comp. Stat. §§ 95/1-95/7.10. If One Way defaulted on its rent payments, Extra Space could "enforce its lien by selling or otherwise disposing of the personal property stored in the space."

Two years later, One Way fell behind in rent, prompting mailed notices from Extra Space about an impeding lien foreclosure. Extra Space sent nine letters entitled "Notice of Lien and Foreclosure" to One Way. These letters demanded payment within 15 days, detailed the upcoming foreclosure, and warned in bold that "if the total amount owed was not paid within fifteen days then a lien will be imposed, and the property will be sold at auction to satisfy the lien."

Under the contracts, One Way agreed to notify Extra Space "of any change in [its] address," but it failed to do so. As a result, six out of the nine letters were returned as undeliverable. Extra Space found Nicholson's new address, and three of the letters were sent to that new address. Those letters were not returned as undeliverable.

The contracts also specified that payments for units in foreclosure status must be made by "certified check, cashier's check, money order or cash." In October 2015, Nicholson mailed a check to the storage facility, but because the check was not in the required form of payment and was only a partial payment, Extra Space rejected it. One Way made no attempt to pay the next month's rent.

While foreclosure efforts proceeded, Extra Space tried again to reach One Way. In early November, Extra Space twice advertised in a local paper that lien-foreclosure auctions would occur on November 18. It also phoned Nicholson six times between October 10 and November 16, twice leaving messages for him. In the second, left five days before the auction, Extra Space said, "It is very important that you get back to us as soon as possible. This is a very urgent matter."

Nicholson did not respond to the phone calls because he "thought the phone call was [] what they always are, just to be reminded that the payment is late and you need to make it. They make them constantly on a regular basis." Extra Space also attempted to email Nicholson, but because Nicholson had changed his email address without notifying Extra Space, the emails were returned as undeliverable.

After the auctions, Nicholson sued Extra Space for breach of contract, based on its alleged failure to deliver notice of the foreclosure, and for conversion. The parties consented to proceed before a magistrate judge. (One Way also sued a "John Doe" defendant who was never served, so we say nothing further about him.) During a pretrial deposition, when questioning Nicholson on whether he had received mailed notice of the foreclosure, his lawyer asked, "[t]o the best of your knowledge, you never received this mail, is that correct?" Nicholson answered, "Correct." Because of this denial, the judge held a bench trial on whether Nicholson had received notice. At trial, counsel phrased the question differently, asking if Nicholson recalled receiving notice. Nicholson responded that he did not. After the trial, the judge granted Extra Space a "directed verdict" because Nicholson's lack of recall was not a denial of receipt. She added, "we also have the testimony from him that he would routinely ignore the phone calls because, you know, he knew he was late, he knew he was in arrears, and he didn't want to deal with the phone calls." She ruled that the Illinois Self Storage Facility Act governed the notices required under the contract, and because Extra Space complied with that law by delivering notice to One Way, it received judgment in its favor.

**Analysis**

1. **The claim for breach of contract**

One Way contends that the district court wrongly entered judgment on the breach-of-contract claim. We begin with the standard of review. One Way argues that because the district court used the term "directed verdict," our review is de novo, *see* Fed.R.Civ.P. 50, with all factual inferences drawn in favor of One Way. Extra Space responds that the district court's order is actually a judgment on partial factual findings, *see* FED.R.CIV.P. 52(c), which we may reverse only if "clearly erroneous."

Extra Space is correct. Although the judge used the term "directed verdict," the context of the bench trial means that Rule 52 applies. Rule 50 applies exclusively to jury trials, and when a district court cites Rule 50 during a bench trial, we construe the verdict under Rule 52. *Gaffney v. Riverboat Services of Indiana, Inc.*, 451 F.3d 424, 451 n. 29

(7th Cir. 2006). Moreover, the judge's justifications convey that she made factual findings under Rule 52 because she "determine[d] witness credibility." *Wilborn v. Ealey*, 881 F.3d 998, 1008 (7th Cir. 2018). She found Nicholson not credible on the issue of notice because he admitted that he ignored calls about the storage units, as he knew he was in arrears. Thus, we uphold the judge's findings.

One Way raises two arguments to contest the district court's finding that Extra Space properly notified One Way of the foreclosure auction. One Way first argues that Nicholson's testimony that he did not "recall" receiving notice is the same as a denial that he received notice, so the judge committed reversible error by not treating his testimony as a denial of receipt. Second, One Way adds, if the judge thought his testimony insufficient to contest receipt, she should have asked Nicholson to amplify it. Neither argument persuades us. First, not recalling something is *not* the same as denying it. *See, e.g., Chavez v. Ill. State Police*, 251 F.3d 612, 634 (7th Cir. 2001). Second, the judge had broad discretion to control the presentation of testimony, *see* FED.R.EVID. 611, and she did not abuse it by not recalling Nicholson to the stand. *See United States v. Bozovich*, 782 F.3d 814, 816 (7th Cir. 2015). The parties knew that receipt of notice was a key issue, so both sides had the chance to make their cases. When Nicholson's trial testimony differed from his deposition testimony, the judge had reason to doubt Nicholson's credibility, not to offer him another chance to testify. *See, e.g., Mathin v. Kerry*, 782 F.3d 804, 810–11 (7th Cir. 2015); *Montaño v. City of Chicago*, 535 F.3d 558, 565 (7th Cir. 2008).

One Way next argues that, even if at trial Nicholson failed to deny receipt of notice, Extra Space did not prove that it complied with the notice provision of the Illinois Self-Service Storage Act. The Act requires that notice be "delivered," 770 ILCS 95/4(B); and delivery may be presumed as follows:

> Any notice made pursuant to this Section shall be presumed delivered when it is deposited with the United States Postal Service, and properly addressed with postage prepaid or sent by electronic mail and the owner receives a receipt of delivery to the occupant's last known address, except if the owner does not receive a receipt of delivery for the notice sent by electronic mail, the notice is presumed delivered when it is sent to the occupant by verified mail to the occupant's last known mailing address.

770 ILCS 95/4(D)

No cases have construed this provision, but under any reasonable interpretation of it, the district court did not clearly err in finding that Extra Space delivered notice to One Way. First, Extra Space complied with this provision because, as the first three lines require, Extra Space mailed the notice with proper postage to One Way's address. Second, under the renter-friendly interpretation that the judge used at summary judgment—where the court shall presume delivery of notice if the owner has a receipt of delivery—Extra Space wins because it did not need to rely on the presumption. As plaintiff, One Way bore the burden of persuasion that Extra Space failed to notify it (and therefore breached the contract), so One Way needed to offer at trial *some* evidence that it did not receive notice, but it never did. Third, the statute provides a safe harbor in the final clause: If the owner attempts delivery by electronic mail—as Extra Space did—and does not receive "receipt" of delivery, "the notice is presumed delivered when it is sent to the occupant by verified mail to the occupant's last known mailing address." 770 ILCS 95/4(D). Because Extra Space complied with this requirement, it did not breach the notice provision of the contract.

### 2.  The conversion claim

One Way hitched its conversion claim to its contention that Extra Space did not give notice of the lien enforcement. Without such notice, One Way contends, Extra Space never acquired lawful ownership. But because the notice argument fails, so too does the conversion claim.

AFFIRMED.